## DUVALL *vs.* GRIFFITH.—June, 1827.

In an action on the case for slander, the plaintiff having proved the words as laid, may, for the purpose of showing the malice of the defendant, give in evidence the speaking of other slanderous words, of a similar import to those declared on, by the defendant of the plaintiff, before the bringing of the action.

APPEAL from *Montgomery* County Court. This was an action on the case for slander, brought on the 9th of December 1822. The plaintiff, (now appellee,) among other slanders declared for, charged the defendant with speaking of him the following words: "He, (meaning the plaintiff,) was a sheep-stealer, and that he stole old *Plummer's* sheep, and that he (the defendant,) could prove that he (the plaintiff,) did steal *Joshua Plummer's* and *Philemon D. Ridgely's* sheep, and *William Etcheson's* sheep," &c. Not guilty pleaded, and issue joined.

The plaintiff at the trial proved the words as laid in the declaration; and also offered to prove that the defendant had said, prior to bringing the suit, that the plaintiff had stoled two of *Philemon Ridgely's* fat lambs, and that he and *Kiah Owens* had skinned them. The defendant objected to the evidence so offered of the charge of stealing two of *P. Ridgely's* lambs. But the Court, [*Kilgour* and *Wilkinson*, A. J.] were of opinion that it was competent evidence for the plaintiff, and allowed the same to go to the jury. The defendant excepted; and the verdict and judgment being against him, he appealed to this court.

The cause was argued before BUCHANAN, Ch. J. and EARLE, MARTIN, and STEPHEN, J.

*Magruder*, for the Appellant, contended, that the evidence admitted by the court below was not competent—other actionable words than those declared on being inadmissible. He cited *Thomas v Croswell*, 7 *Johns. Rep.* 264. 2 *Stark. Evid.* 868, 870. *Stuart v Lovell*, 2 *Stark. Rep.* 93. *Wallis v Mease*, 3 *Binney*, 546, *Mead v Daubigny*, *Peake's N. P.* 125. *Lee v Huson*, *Ib.* 166.

*B. S. Forrest*, for the Appellee, was stopped by the court.

BUCHANAN, Ch. J. The court are of opinion, that the testimony objected to by the defendant in the court below, was admissible for the purpose of showing the malice of the defendant in speaking the words laid in the declaration; and if admissible for any purpose, the court below were right in permitting the evidence to go to the jury.

JUDGMENT AFFIRMED.